UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Pheakday Chan Chak,                                Court File No. 17-cv-1548 (JNE/LIB)

           Petitioner,

v.                                                 **REPORT AND RECOMMENDATION**

Jeff Sessions, et al.,

           Respondents.

---

This matter comes before the undersigned United States Magistrate Judge upon Petitioner Pheakday Chan Chak's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, [Docket No. 1], and upon a general referral pursuant to 28 U.S.C. § 636. .

For the reasons discussed below, the Court recommends that the Petition for Writ of Habeas Corpus, [Docket No. 1], be **DENIED** as moot and that this action be dismissed without prejudice.

### I.  BACKGROUND AND STATEMENT OF FACTS

Petitioner is a native and citizen of Cambodia. (See, Petition, [Docket No. 1], 2). He arrived in the United States in 2002. (Id. at 3). On September 8, 2016, U.S. Immigration and Customs Enforcement ("ICE) took him into custody and on November 8, 2016, an Immigration Judge ordered that Petitioner be removed to Cambodia. (Id. at 2). Petitioner was detained pending his removal. (Id. at 4).

On May 10, 2017, Petitioner filed the present pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241; he asserted that his continued detention pending removal to Cambodia was unlawful because it was not significantly likely that he would be removed to Cambodia in the reasonably foreseeable future. (Id.). On May 12, 2017, the undersigned ordered

Respondents to submit a Response to the Petition for Writ of Habeas Corpus by no later than June 11, 2017. (Order, [Docket No. 3]).

On June 12, 2017, Respondents filed their Response to the Petition for Writ of Habeas Corpus; they asserted that Petitioner's detention should continue and the Petition should be denied because there was a substantial likelihood of Petitioner's removal in the reasonably foreseeable future. (Response, [Docket No. 4], 1). Respondents noted that in December 2016, ICE had uploaded an Electronic Travel Request for Cambodia and a Cambodia travel document package was set to the HQ Removal Management Division in Washington, D.C. (Id. at 4). Respondents informed the Court that they were waiting for an updated custody determination, but had had recent success in repatriating Cambodian nationals. (Id.at 4-5).

On July 12, 2017, Petitioner filed his Reply to Respondents' Response. (Reply, [Docket No. 8]). Petitioner informed the Court that he was still awaiting an updated custody determination, and he was still being detained by ICE. (Id. at 1). Plaintiff again asserted that his continued detention was unlawful. (Id. at 2-6).

On September 6, 2017, this Court issued an Order instructing Respondents to file a Status Update informing the Court of Petitioner's current whereabouts and providing any updated information regarding Respondents' efforts to remove Petitioner. ([Docket No. 9]).

On September 14, 2017, Respondents filed their Status Update. ([Docket No. 10]). Therein, Respondents state that Petitioner was released from ICE custody on July 11, 2017. (Id. at 1). Respondents have filed with the Court an Order of Supervision and supporting documentation which set forth the conditions for Plaintiff's release from ICE detention. ([Docket No. 11-1], 1-8). The documents submitted are signed by Petitioner. (See, Id. at 1-3, 5-6).

Accordingly, Respondents request that Petitioner's Petition be denied as moot and that this action be dismissed with prejudice. (Id.).

## II. ANALYSIS

As set forth above, Respondents assert, and Petitioner has submitted nothing to dispute, that Petitioner is no longer being held in custody pending his removal to Cambodia. Therefore, Respondents contend that any challenges to the legality of Petitioner's detention are now moot. (Id. at 6).

However, the release from detention of a detainee during the pendency of that detainee's petition challenging the legality of that detention does not automatically render the petition moot. See, Mohamed v. Lynch, No. 15-cv-2726 (JRT/LIB), 2016 WL 563164, *3 (D. Minn. Jan. 26, 2016), report and recommendation adopted at 2016 WL 593512 (D. Minn. Feb. 12, 2016); Sayonkon v. Beniecke, No. 12-cv-27 (MJD/JJK), 2012 WL 1621149, *2 (D. Minn. Apr. 17, 2012), report and recommendation adopted at 2012 WL 1622545 (D. Minn. May 9, 2012). Rather, whether the petition becomes moot upon the petitioner's release depends on whether any of the potential exceptions to the mootness doctrine may apply. Mohamed, 2016 WL 563164, at *3.

> "Under these exceptions, the Petition should not be dismissed as moot if: '(1) secondary or "collateral" injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.'"

Id.

### A. Secondary/Collateral Injury

For the secondary/collateral injury exception to the mootness doctrine to apply, there must be "some concrete and continuing injury other than the now-ended incarceration" or

"'collateral consequence' of the conviction" still at issue. Spencer v. Kemna, 523 U.S. 1, 7 (1998). As this Court has previously held, this exception does not apply to the conditions of release imposed upon a person in Petitioner's place, who has been released from ICE custody pending removal contingent upon the individual's cooperation with the effectuation of his or her removal. See, Mohamed, 2016 WL 563164, at *3.  To the extent that the conditions of Petitioner's release are "collateral consequences," they are collateral to the original, uncontested order of removal, not the allegedly unlawful detention. Id. (citing Sayonkon, 2012 WL 1621146, at *2). Therefore, the secondary/collateral injury exception to the mootness doctrine does not apply in the case presently before the Court.

### B. Capable of Repetition without Review

With regards to the exception to the mootness doctrine for actions which are capable of repetition yet evade review, the Eighth Circuit has stated:

> This exception will "rescue an otherwise moot claim if (1) the challenged conduct is of too short a duration to be litigated fully prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." [Nat'l Right to Life Political Action Committee v. Connor, 323 F.3d 684, 691 (8th Cir. 2003)]. The question is "whether the controversy was *capable* of repetition and not . . . whether the claimant had demonstrated that a recurrence of the dispute was more probable than not." Honig v. Doe, 484 U.S. 305, 318 n.6 (1988) (emphasis in original).

Missourians for Fiscal Accountability v. Klahr, 830 F.3d 789, 795 (2016).

Although Petitioner's detention in the case presently before the Court ended before the full litigation of its legality, Petitioner cannot be subjected to the same unlawful conduct as is at issue in his current Petition for Writ of Habeas Corpus. "If the government takes [Petitioner] into custody in the future, the government will be acting on the basis of facts and legal authority that are different from the facts and legal authority on which the government relied in imposing the detention[] challenged in [Petitioner's] habeas petition[]." See, Kargbo v. Brott, No. 15-cv-2713

(PJS/LIB), 2016 WL 3676162, *2 (D. Minn. July 6, 2016). Therefore, the "capable of repetition, yet evading review" exception is similarly inapplicable to the case presently before the Court.

### C.  Voluntary Cessation of Illegal Practice which Actor is Free to Resume

The voluntary cessation of an illegal practice which the defendant is thereafter free to resume at any time renders litigation moot <u>only</u> "'if it is clear that the defendant has not changed course simply to deprive the court of jurisdiction.'" <u>Mohamed</u>, 2016 WL 563164, at *4 (quoting <u>Nat'l Adver. Co. v. City of Miami</u>, 402 F.3d 1329, 1333. There is no evidence in the record that suggests that Petitioner was released from pre-removal detention in order to deprive this Court of jurisdiction. Moreover, as set forth above, if the government does take Petitioner back into custody, it will be for different factual and legal reasons than those challenged in the Petition for Writ of Habeas Corpus presently before the Court. Therefore, it is not possible for Respondents to resume <u>the same</u> allegedly illegal detention as is challenged in the present Petition for Writ of Habeas Corpus, and the "voluntary cessation" exception does not apply here. <u>See</u>, <u>Kargbo</u>, 2016 WL 3676162, at *2.

### D.  Class Action

Finally, it is clear that the final exception to the mootness doctrine—that the case is a properly certified class action suit—does not apply here because the action presently before the Court is not a class action suit. Petitioner brought this case solely on his own behalf.

### III.  CONCLUSION

In summary, Petitioner's conditional release from detention while ICE continues to seek to effectuate his removal to Cambodia has rendered Petitioner's Petition for Writ of Habeas Corpus challenging his pre-removal detention moot. Because none of the exceptions to the

mootness doctrine applies, the undersigned recommends that the Petition for Writ of Habeas Corpus, [Docket No. 1], be **DENIED AS MOOT.**

Because the undersigned recommends that the Petition be denied, the undersigned also recommends that this action be dismissed without prejudice. See, Ali v. Cangemi, 419 F.3d 722, 723-24 (8th Cir. 2005) (en banc) (remanding case involving a detainee who was released while his petition for writ of habeas corpus was pending, which the Court of Appeals deemed moot, to the district court with instructions to dismiss the petition without prejudice).

Accordingly, **IT IS HEREBY RECOMMENDED THAT**:

1. The Petition for Writ of Habeas Corpus, [Docket No. 1], be **denied as moot**; and
2. That the case be **dismissed without prejudice**.

Dated: September 18, 2017                              s/Leo I. Brisbois
                                                       Leo I. Brisbois
                                                       U.S. MAGISTRATE JUDGE
                                                       District of Minnesota